PEARSON, J.

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| KASHIKA SPEED, | ) | |
| | ) | CASE NO. 4:16CV0439 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| MR. R. WYMAN, *et al.*, | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| Defendants. | ) | **AND ORDER** |

*Pro Se* Plaintiff Kashika Speed filed this *Bivens*[1] action against Northeast Ohio Correctional Center ("NEOCC") Security in Safety ("SIS") Officer Mr. R. Wyman, NEOCC Assistant Warden Dennis Jhonson, and NEOCC SIS Supervisor Sean Daugherty. In the Complaint (ECF No. 1), Plaintiff alleges Wyman used excessive force to restrain him to take him to the segregation unit, and referred to him with a racial epithet. He seeks monetary relief.

---

[1] *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971) provides federal inmates and detainees with a cause of action analogous to 42 U.S.C. § 1983.

(4:16CV0439)

## I. Background

Plaintiff was a federal inmate incarcerated at NEOCC at all times relevant to this action.[2] On December 2, 2015, Daugherty noticed Plaintiff in the sallyport between units Alpha 6 and 8 at 10:20 a.m. Plaintiff was assigned to unit Alpha 4 and was, therefore, out of place. Daugherty questioned him and Plaintiff informed Daugherty that an officer had placed him in the sallyport during a cease movement order. Daughterty reviewed the videotape surveillance footage of the sallyport and saw that Plaintiff actually entered the sallyport at 10:16 a.m., four minutes before the cease movement order was given. Plaintiff crossed through the sallyport, and entered unit Alpha 6 at 10:17 a.m. He went directly to cell #107 and looked into the cell through the window. Plaintiff then entered the cell and closed the door behind him. Two minutes later, he left the cell and returned to the sallyport. It was then that Daugherty entered the sallyport and found Plaintiff out of place. Officers immediately searched cell #107 and discovered contraband. The prison administration ordered Daugherty and Wyman to take Plaintiff to segregation. ECF No. 3 at PageID #: 23.

---

[2] According to the Bureau of Prisons website (http://www.bop.gov/inmateloc/ (last visited April 28, 2015)), Plaintiff is currently housed at USP Allenwood.
Plaintiff has failed to provide the court with his current address. It is the party, not the court, who bears the burden of apprising the court of any changes to his mailing address. *See Yeschick v. Mineta*, 675 F.3d 622, 630 (6th Cir. 2012) (citing *Casimir v. Sunrise Fin., Inc.*, 299 Fed.Appx. 591, 593 (7th Cir. 2008) (affirming district court's denial of Rule 60(b) motion when movants claimed due to house fire they did not receive mail informing them of court's entry of summary judgment); *Soliman v. Johanns*, 412 F.3d 920, 922 (8th Cir. 2005) ("[A] litigant who invokes the processes of the federal courts is responsible for maintaining communication with the court during the pendency of his lawsuit."); *Watsy v. Richards*, No. 86-1856, 1987 WL 37151, at *1 (6th Cir. April 20, 1987) (affirming dismissal for failure to prosecute when appellant failed to provide district court with "current address necessary to enable communication with him")).

(4:16CV0439)

Plaintiff claims Wyman used excessive force when Wyman pushed him up against the wall to put handcuffs on him. Plaintiff also contends Wyman referred to him by a racially derogatory term. ECF No. 1 at PageID #: 5. He responded by threatening to physically attack Wyman, which resulted in an additional conduct charge of threatening to harm another. ECF No. 1 at PageID #: 10. Plaintiff asserts that Defendants violated his Eighth Amendment rights.

## II. Standard for Dismissal

Although *pro se* pleadings are liberally construed, Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam); Haines v. Kerner, 404 U.S. 519, 520 (1972), the district court is required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted or if it lacks an arguable basis in law or fact. Neitzke v. Williams, 490 U.S. 319 (1989); Lawler v. Marshall, 898 F.2d 1196 (6th Cir. 1990); Sistrunk v. City of Strongsville, 99 F.3d 194, 197 (6th Cir. 1996). An action has no arguable basis in law when a defendant is immune from suit or when a plaintiff claims a violation of a legal interest which clearly does not exist. Neitzke, 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." Denton v. Hernandez, 504 U.S. 25, 33 (1992). See also Lawler, 898 F.2d at 1199.

When determining whether a plaintiff has stated a claim upon which relief can be granted, the court must construe the complaint in the light most favorable to the plaintiff, accept all factual allegations as true, and determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). The plaintiff's obligation to provide the grounds for relief "requires more than labels and

3

(4:16CV0439)

conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. at 555. Although a complaint need not contain detailed factual allegations, its "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true." *Id.* (citation omitted). The court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

The Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), further explains the "plausibility" requirement, stating that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Furthermore, "[t]he plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556). This determination is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

### III. Law and Analysis

Plaintiff fails to state a claim upon which relief may be granted. *Bivens* provides a limited cause of action against individual federal government officers acting under color of federal law alleged to have acted unconstitutionally. *Correctional Services Corp. v. Malesko*, 534 U.S. 61, 70 (2001). *Bivens*'s purpose is to deter individual federal officers, not the agency, from committing constitutional violations. A *Bivens* action therefore cannot be brought against an entity such as the federal prison, the Bureau of Prisons, or the United States Government. *Id.*

4

(4:16CV0439)

Corrections Corporation of America, which owns and operates NEOCC, is a private corporation. To avoid imposing asymmetrical liability costs on private prison facilities, the Supreme Court declined to expand *Bivens* to provide this cause of action against a private prison corporation. *Id.* at 70-74 (pointing out that when a prisoner in a Bureau of Prisons facility alleges a constitutional deprivation, his only remedy lies against the offending individual officer).

The Supreme Court further declined to extend *Bivens* to the employees of a private prison under certain circumstances. *Minneci v. Pollard*, --- U. S. ----, 132 S. Ct. 617 (2012). "[A] federal prisoner seek[ing] damages from privately employed personnel working at a privately operated federal prison, where the conduct allegedly amounts to a violation of the Eighth Amendment, and where that conduct is of a kind that typically falls within the scope of traditional state tort law . . ., must seek a remedy under state tort law." *Id.* at 626. A *Bivens* remedy cannot be implied. *Id.*

Excessive force claims involve conduct which typically falls within the scope of the traditional state tort law of assault and battery. Plaintiff, therefore, cannot bring *Bivens* claims pertaining to the use of excessive force under the Eighth Amendment against these Defendants. There is no state law tort for name-calling unless it rises to the level of assault or threatening behavior. Moreover, there is no cause of action under *Bivens*.

Furthermore, this Court cannot entertain Plaintiff's claims under state tort law because Plaintiff has not established a basis for federal jurisdiction. Federal courts are courts of limited jurisdiction and, unlike state trial courts, they do not have general jurisdiction to review all questions of law. *See Ohio ex rel. Skaggs v. Brunner*, 549 F.3d 468, 474 (6th Cir. 2008).

(4:16CV0439)

Instead, they have only the authority to decide cases that the Constitution and Congress have empowered them to resolve. *Id.* Consequently, "[i]t is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377(1994) (internal citation omitted).

Generally speaking, the Constitution and Congress have given federal courts authority to hear a case only when diversity of citizenship exists between the parties, or when the case raises a federal question. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). The first type of federal jurisdiction, diversity of citizenship, is applicable to cases of sufficient value between "citizens of different states." 28 U.S.C. § 1332(a)(1). To establish diversity of citizenship, the plaintiff must establish that he is a citizen of one state and all of the defendants are citizens of other states. The citizenship of a natural person equates to his domicile. *Von Dunser v. Aronoff*, 915 F.2d 1071, 1072 (6th Cir. 1990). The second type of federal jurisdiction relies on the presence of a federal question. This type of jurisdiction arises where a "well-pleaded complaint establishes either that federal law creates the cause of action or that the Plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27-28 (1983).

Plaintiff has not alleged sufficient facts to establish jurisdiction based on diversity of citizenship when the lawsuit was commenced. *See SMR Technologies, Inc. v. Aircraft Parts Intern. Combs, Inc.*, No. 00-2563, 2004 WL 595010, at *3 (W.D.Tenn. March 23, 2004) ("If diversity did not exist at the time of filing, however, subsequent events, such as a change in the

(4:16CV0439)

domicile of a party or substitution of parties, cannot create it."); 13E Wright & Miller, *Federal Practice & Procedure*, § 3608, at 458 (3d ed. 2009). At that time, Plaintiff was incarcerated in NEOCC. He does not list any other address for himself or Defendants. In addition, there is no suggestion in the Complaint (ECF No. 1) that the amount in controversy exceeds the jurisdictional amount. In a federal diversity action, the amount in controversy alleged in the complaint will suffice unless it appears to a legal certainty that the plaintiff in good faith cannot claim the jurisdictional amount. See *Klepper v. First Am. Bank*, 916 F.2d 337, 340 (6th Cir. 1990). Here, Plaintiff states, without explanation, that Wyman used excessive force when Wyman pushed him up against the wall to place handcuffs on him. ECF No. 1 at PageID #: 5. That is the only description Plaintiff gives concerning this action. There is no suggestion that he required medical treatment for the alleged injuries to his back and left wrist. In addition, he claims Wyman called him a racially derogatory name. Plaintiff seeks $2 million in damages. ECF No. 1 at PageID #: 5. He seeks an additional $2 million because Daugherty "did not stop Wyman from talking and saying a lot of unprofessional stuff to me after I told him that Mr. R. Wyman just called me a [racially derogatory term]" ECF No. 1 at PageID #: 5-6. There is no reasonable suggestion in the Complaint (ECF No. 1) that Plaintiff's alleged injuries could support a judgment of $4 million. A plaintiff in federal court has the burden of pleading sufficient facts to support the existence of the Court's jurisdiction. Fed. R. Civ. P. 8(a)(1). Plaintiff has not established federal subject-matter jurisdiction based on diversity of citizenship.

Furthermore, federal jurisdiction cannot be based on a claimed violation of federal law because tort law claims arise, if at all, under state law. Aside from his *Bivens* claims, which are

7

(4:16CV0439)

not cognizable against personnel of a private prison, he has not claimed a violation of federal law.

### IV. Conclusion

Accordingly, this action is dismissed pursuant to 28 U.S.C. § 1915(e). The dismissal is without prejudice to any valid state law claim Plaintiff may have under the facts alleged. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

The Clerk is directed to issue a copy of this Memorandum of Opinion and Order by regular mail to Kashika Speed, #12941-055, USP Allenwood, U.S. Penitentiary, P.O. Box 3000, White Deer, Pennsylvania 17887.

   IT IS SO ORDERED.

| | |
|---|---|
|  April 29, 2016 |   */s/ Benita Y. Pearson* |
| Date | Benita Y. Pearson<br>United States District Judge |